UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAUSTINE HAWKINS-EL,

    Plaintiff,                                                   Case No. 08-10652

v.                                                         Honorable Nancy G. Edmunds

COUNTY OF WAYNE, INCORPORATED
TREASURER, ET AL.,

    Defendants.
    _____/

**ORDER OF DISMISSAL**

Plaintiff filed a complaint on February 14, 2008. The following consists of a sample of the allegations in Plaintiff's complaint:

Now Comes, Faustine: Hawkins-El, a sovereign Moor of the Washitaw Empire and not a citizen of the State of Michigan or the County of Wayne and complaint that she was not given LEVY FREE/TAX EXEMPT/NON-NEGOTIABLE on two occasion when she petition to all parties named above according to PROPERTY TAX EXEMPT UNDER MSA 7.456(5)(a), MCL 207.526(6)(a); UNDER THE STATE OF MICHIGAN GENERAL PROPERTY TAX ACT P.A. 206 OF 1893 (AS AMENDED) § 211.7d(b)(g) section 202 of title II OF THE HOUSING ACT of 1959; § 211.7u-homestead (1-7) taxes exempt by reason of poverty and handicapped people living in my home and age, i am 82 years old and i am asking for exemption in whole from taxation under this act. § 211.7cc Homestead exemption (1-22) according to § 211.7dd - (a-d) and because U.S. Congress of march 9, 1933 took my property by signing into law H.R. 1481 which put a mortgage on my home and took all other property I would own and gave it to the U.S. GOVERNMENT to back the federal reserve note in the bankruptcy so the banks could open the next day. See - the U.S. House of representative records of March 9, 1933 page 71 to 83. See - Pollard v. Hagan, 44 U.S. 213, 221, 223, which stated that the U.S. GOVERNMENT OWNED NO LAND and therefore neither can the STATE OF MICHIGAN, Incorporated, County of Wayne, Incorporated and the City of Detroit, Incorporated; AND Document No. 10105905; 521; Page 79; of the County of Cook OF The Illinois by The Recorder of the Deeds. United States -v. Henry: Turner, Moorish National, U.S. SUPREME Case 191 (1848); Wilcox -v. Jackson (1837) 13 Pet.,

(U.S.) 498, 10 L. Ed. 264; . . . I went to file this petition at 3rd Circuit for the State of Michigan, Incorporated and I was denied the right to file it, therefore, denying me access to court, equal protection to the law, due process by the clerk of the court, court administrator, I was send all around and told that there was no case number to this matter and that I could not file any answer to the complaint that was filed by the WAYNE COUNTY TREASURER.

(Pl.'s Complt. at 2-3.)

As observed by the Sixth Circuit, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Court finds that Plaintiff's complaint is, on its face, totally implausible, frivolous and devoid of merit. Accordingly, the Court hereby **DISMISSES** this action pursuant to Rule 12(b)(1).

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 19, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 19, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager